SAMUEL L. SLOVER, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7557, 7573, 7592, 7593, 7594, 7595.

Promulgated April 29, 1946.

*Charles L. Kaufman, Esq.*, for the petitioners.
*Elmer L. Corbin, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Fay Slover; Henry S. Lewis; Mary Sheild Lynch; Howard G. Martin; and James G. Martin, Jr., and Anne T. Martin, Husband and Wife.

OPINION.

OPPER, *Judge*: Whether the distributions to petitioners by the new corporation are taxable dividends depends in the last analysis on the applicability of the rule first announced in *Commissioner* v. *Sansome* (C. C. A., 2d Cir.), 60 Fed. (2d) 931; certiorari denied, 287 U. S. 667. It is agreed that the new corporation had exhausted its own earnings and profits, and only on the theory that some part of the earnings of its transferor were "inherited" by it, under the *Sansome* doctrine, would the distributions to petitioners be taxable as dividends rather than being considered as a return of capital.

The origin and purpose of the *Sansome* rule has repeatedly been described as based upon the danger that otherwise distributions of accumulated earnings to stockholders would escape tax. See *Estate of Howard H. McClintic*, 47 B. T. A. 188. Under the present facts

no comparable possibility exists. Since the Revenue Act of 1934 distributions of stock even in reorganizations have been taxable to recipients to the full extent of their fair market value under the circumstances existing here.[1] The distribution of the new stock was treated as fully taxable and petitioner paid and respondent collected the tax upon its fair market value as ordinary income. Both now agree that this treatment was correct.

Under these circumstances it is neither necessary nor logical to deal with any part of the earnings of the old corporation as having been transferred by the reorganization. These earnings have already been reduced by the full value of the property transferred and by which the amount of the dividend was measured. No further tax upon the distribution of that part of the earnings is called for. This is the only fair implication of respondent's own regulations (Regulations 103), which read in part as follows:

SEC. 19.115–11. *Effect On Earnings Or Profits Of Certain Tax-Free Exchanges And Tax-Free Distributions.*—If, under the law applicable to the year in which any transfer or exchange of property after February 28, 1913, was made (including transfers in connection with a reorganization * * * ), gain or loss was not recognized (or was recognized only to the extent of the property received other than that permitted by such law to be received without the recognition of gain), then proper adjustment and allocation of the earnings or profits of the transferor shall be made as between the transferor and transferee corporations.

The general rule provided in section 115 (b) that every distribution is made out of earnings or profits to the extent thereof and from the most recently accumulated earnings or profits, does not apply to:

(1) The distribution, in pursuance of a plan of reorganization * * * if no gain to the distributees from the receipt of such stock or securities was recognized by law. .

*     *     *     *     *     *     *

A distribution described in paragraph (1) * * * does not diminish the earnings or profits of any corporation. In such cases, the earnings or profits

---

[1] Revenue Act of 1934, Report Committee on Ways and Means:

"The Committee proposes to limit the application of the reorganization provisions by two principal changes. In the first place, the committee recommends that section 112 (g) be omitted from the bill. This paragraph provides that a corporation by means of a reorganization may distribute to its shareholders stock or securities in another corporation a party to the reorganization without any tax to the shareholder. By this method corporations have found it possible to pay what would otherwise be taxable dividends, without any taxes upon their shareholders. The committee believes that this means of avoidance should be ended..

*     *     *     *     *     *     *

"Section 112 (g) (Revenue Act of 1932). Distribution of stock on reorganization: This section of the Revenue Act of 1932 is omitted from the bill. Under this section, if Corporation A organizes a subsidiary, Corporation B, to which it transfers part of its assets in exchange for all of the stock of Corporation B. and distributes the stock of Corporation B. as a dividend to its stockholders without the surrender by the stockholders of any of their stock, then such a dividend is not subject to income tax. By omitting this section, the stockholders must pay a tax upon receipt of such dividends. * * *." H. R. Rept. No. 704, 73d Cong., 2d Sess., 1939–1 C. B. (Part 2), pp. 564, 574.

remain intact and available for distribution as dividends by the corporation making such distribution, or by another corporation to which the earnings or profits are transferred upon such reorganization or other exchange. * * *

Nor do we agree that the issuance of the dividend stock should be treated as a nontaxable exchange [2] because as between the corporate transferor and transferee no gain or loss was recognized under section 112. The latter relationship is dealt with in the basis sections and the consistency required is as to the treatment of the property in the hands of the transferee corporation under section 113 (a). See *Commissioner* v. *Wheeler*, 324 U. S. 542. We are here concerned only with taxation of the stockholders, and, to that end, with the constitution for dividend purposes of the corporation's earnings and profits account. In this respect the prior stock distribution, even though pursuant to a reorganization, was wholly taxable and the effect on earnings and profits for purposes of determining taxability to the stockholders of future distributions should comport with that circumstance. Cf. *Sidney S. Munter*, 5 T. C. 108.

In respondent's treatment of the present question, some unnecessary complication is added by reference to this as a "split-off" reorganization, in which an allocation of earnings as between the various participating corporations is required. Cf. *Estate of Howard H. McClintic*, *supra; Stella K. Mandel*, 5 T. C. 684. Such allocation, however, becomes necessary only where it is first apparent that the *Sansome* rule applies. Where, as in the existing circumstances, the original distribution is wholly taxable, it constitutes a diminution, to an extent we are not now called upon to decide,[3] of the earnings and profits of the distributing corporation without the necessity of assuming that any earnings and profits are carried over with the transferred assets and with even less necessity for determining the proper allocation.

We conclude that in the situation before us the rule of *Commissioner* v. *Sansome* does not need to be applied and that accordingly respondent's determination was erroneous.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

[2] "* * * It seems to us that section 202 (c) (2) * * * should be read as a gloss upon section 201. That section provides for cases of corporate 'reorganization' which shall not result in any 'gain or loss' to the shareholder participating in them, and defines them with some particularity. He must wait until he has disposed of the new shares, and use his original cost as the 'base' to subtract from what he gets upon the sale. Such a change in the form of the shares is 'an exchange of property,' not 'a sale or other disposition' of them. * * * It appears to us extremely unlikely that what was not 'recognized' as a sale or disposition for the purpose of fixing gain or loss, should be 'recognized' as changing accumulated profits into capital. * * *" [*Commissioner* v. *Sansome, supra.*]

[3] Cf. *Commissioner* v. *Timken Estate* (C. C. A., 6th Cir.) 141 Fed. (2d) 625 ; *V. U. Young*, 5 T. C. 1251 ; *R. D. Merrill*, 4 T. C. 955.